[No. 20086.    Department Two. — July 31, 1885.]

# EX PARTE B. ERNST TITTEL ON HABEAS CORPUS.

CONTEMPT — JUDGMENT DEBTOR — SATISFACTION OF JUDGMENT. — In a proceeding for contempt against a judgment debtor for failing to comply with the judgment, a satisfaction by the plaintiff and an assignee of the judgment on file and of record is a sufficient answer to the charge of contempt made by one not a party to the suit, but who claims under another assignment of the judgment, the alleged priority of which is disputed.

APPLICATION for a writ of habeas corpus. The petitioner was held in custody under an order of the Superior Court of the city and county of San Francisco committing him to jail for contempt in refusing to comply with a judgment of that court.

The remaining facts are stated in the opinion of the court.

*Robert Ash,* for Petitioner.

*M. G. Cobb, Contra.*

The COURT. — When this proceeding was commenced, satisfaction of the judgment had been filed by an assignee of the judgment, one Henry Huber, and entered of record. Before that time the assignee had filed his assignment from plaintiff with the clerk of the court, entitled in the case of *Lichtnock* v. *Tittel,* and with the papers in that case. This assignment authorized the assignee Huber to prosecute the suit above entitled, to collect the judgment and receipt therefor, and to enter satisfaction thereof in the name of the assignor or otherwise, as he shall deem proper. Subsequently, on the day the order on defendant to show cause why he should not be adjudged guilty of contempt in not obeying the judgment of the court was made, a satisfaction piece of the same judgment was signed, acknowledged, and filed by Huber and Lichtnock. So when the proceeding was commenced, and when the motion to punish for contempt was heard, the record showed that the judgment was satisfied and no longer existed.

This proceeding is prosecuted by one C. W. Cramer, who claims to be an assignee prior to Huber. Here when the motion to commit was heard was a satisfaction of the judgment by the

plaintiff in the action on file and of record. This is a sufficient answer to the charge of contempt by a person not a party to the suit, claiming under an alleged prior assignment, the priority of which is disputed.

The petitioner is entitled to his discharge; and it is so ordered.